UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

JOHN CHARLES PAULSEN,                          Case No. DT 11-06367
                                               Hon. Scott W. Dales

                    Debtor.
_____/

RICHARD SCHALLER, an individual,
SCHALLER DEVELOPMENT, LLC, a
Nevada Limited Liability Corporation,
DON SMIT, an individual and d/b/a
PROJECT ONE, MBA RENO-RANDON L.
BROWN, LTD., and RICHARD SCHALLER
and DON SMIT, Trustees of  DAYTON
DEVELOPMENT PARTNERS, LLC, a
Nevada Limited Liability Corporation,

                    Plaintiffs,                 Adversary Proceeding
                                               No. 12-80166
v.

JOHN CHARLES PAULSEN,

                    Defendant.
_____/


MEMORANDUM OF DECISION AND ORDER

PRESENT:   HONORABLE SCOTT W. DALES
           Chief United States Bankruptcy Judge

In a judgment entered July 23, 2013, the court declared as nondischargeable a debt that

chapter 7 debtor John Charles Paulsen (the "Debtor") owes to several entities involved in the

Nevada gaming business.[1]  The court's judgment (the "Federal Judgment," DN 41) is premised

_____

[1] The Plaintiffs include Richard Schaller, an individual, Schaller Development, LLC, a Nevada Limited Liability
Corporation, Don Smith, an individual and d/b/a Project One, MBA Reno-Randon L. Brown, Ltd., and Richard
Schaller and Don Smit, Trustees of  Dayton Development Partners, LLC, a Nevada Limited Liability Corporation
and shall be referred to collectively as the "Plaintiffs."

on a final judgment of the Third District Court of the State of Nevada (the "State Judgment") that was subject to a pending appeal. Accordingly, the Federal Judgment expressly provided that the Debtor might seek relief from the Federal Judgment depending upon the outcome of his appeal from the State Judgment.[2]

On September 16, 2014, the Nevada Supreme Court reversed the State Judgment. Accordingly, the Debtor filed a motion for relief from judgment (the "Motion," DN 42) pursuant to Fed. R. Civ. P. 60(b)(5), made applicable to the Federal Judgment by virtue of Fed. R. Bankr. P. 9024. The court set the Motion for a hearing which occurred on February 18, 2015 in Grand Rapids, Michigan. Counsel for the Debtor and the Plaintiffs made oral arguments and the court announced its decision to grant the Motion. This Memorandum of Decision and Order supplements the court's oral explanation of its decision.

The court has jurisdiction over the Debtor's bankruptcy case pursuant to 28 U.S.C. § 1334(a) and this adversary proceeding has been referred to the United States Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and L.Civ.R. 83.2(a). The matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I), and the court's authority to enter the Federal Judgment and to rule on this Motion is unaffected by the Supreme Court's opinion in *Stern v. Marshall*, 564 U.S.___, 131 S.Ct. 2594 (2011). *See Hart v. Southern Heritage Bank (In re Hart),* 564 Fed.Appx. 773, 776 (6th Cir. 2014).

---

[2] In an order dated July 17, 2012, the court modified the automatic stay to ensure that the State Judgment would not be voided as entered in violation of the stay. *See* Order dated July 17, 2012 (Case No. 11-06367, DN 192). During the February 18, 2015 hearing on the Motion, the court also heard argument on the Plaintiffs' related motion for relief from the automatic stay which, they explain, they filed because the July 17, 2012 order does not clearly authorize them to proceed with the prove-up hearing. Strictly speaking, however, the automatic stay terminated for relevant purposes on November 15, 2013 when the court entered the Discharge of Debtor (Case No. 11-06367, DN 346). *See* 11 U.S.C. § 362(c)(2)(C). Nevertheless, during the February 18, 2015 hearing, the court agreed to lift the stay to the extent applicable, essentially to insulate the Plaintiffs from any suggestion that continued prosecution of their claims in Nevada would amount to contempt of the discharge injunction.

After filing his voluntary petition for relief under Title 11, the Debtor continued to litigate against the Plaintiffs in the Nevada state court system. Eventually, the state court entered a default against the Debtor as a sanction for misbehavior in the course of discovery and pretrial proceedings. The state court evidently refused to permit the Debtor to participate in the "prove-up" stage of the default proceedings, and entered a judgment against the Debtor and others in the amount of $9,674,057.18. The Debtor obtained relief from the automatic stay to permit him to appeal from the State Judgment to the Nevada Supreme Court.

To some extent, the Debtor's appeal was successful. Although the Nevada Supreme Court refused to disturb the trial court's entry of default against the Debtor, the state's highest court nevertheless agreed with the Debtor that the trial court should have permitted him to participate in the prove-up hearing prior to entry of the State Judgment, presumably to identify any "fundamental defects" in the Plaintiffs' case. *See Foster v. Dingwall*, 227 P.3d 1042, 1050 (Nev. 2010). Accordingly, the Nevada Supreme Court reversed the Third District Court, undermining the finality (and therefore the preclusive effect) of the State Judgment upon which the Federal Judgment depends. Under the circumstances, this is a perfect case for application of Fed. R. Civ. P. 60(b)(5), as Debtor argues. The court, therefore, will grant relief from the Federal Judgment.

The form of that relief, however, depends to a considerable extent upon the procedural history in this somewhat convoluted matter. On the one hand, as the Debtor urges, the court could simply try the case anew in Michigan to determine whether the Plaintiffs' claims should be excepted from discharge under 11 U.S.C. § 523(a)(3)(B).[3] On the other hand, the court could

---

[3] The Debtor omitted or inadequately identified the Plaintiffs in his bankruptcy schedules and mailing matrix, and the parties agree that the Plaintiffs did not have notice of the bankruptcy proceedings in time to seek a determination from this court under 11 U.S.C. § 523(c) and § 523(a)(2), (4) or (6) regarding the nondischargeability of the Debtor's debt.

continue to defer, as it has throughout this proceeding, to the Nevada court system.[4]  For several reasons, the court will continue to defer.

First, the Debtor continued to defend himself in the state court proceedings despite the protection of the automatic stay, and in fact sought relief from the automatic stay to invoke the Nevada Supreme Court's appellate jurisdiction.  Having invoked that jurisdiction and obtained relief from the State Judgment to a considerable extent, he can hardly complain now about litigating in Nevada.  Moreover, although the Debtor may be loath to return to the trial court that entered the default, he certainly had an opportunity to participate in the state court proceedings, at least prior to inviting the ire of the Nevada trial judge through behavior that the Nevada Supreme Court agreed warranted the entry of default against him.

Second, this court has already refused to void the State Judgment, and announced its intention that the State Judgment would be "enforceable against the Debtor individually, subject only to Debtor's remaining rights under Nevada law to challenge the same. . . ." *See* Order dated July 17, 2012 (Case No. 11-06367, DN 192).  Requiring the Plaintiffs to litigate their dispute with the Debtor in the bankruptcy court at this late date would be at odds with this court's prior orders, and would likely lead to duplication of efforts because the court has no authority over the Plaintiffs' claims against the other defendants in the Nevada litigation.[5]

It also strikes the court as patently unfair to require the Plaintiffs to start over in bankruptcy court, across the country, after the passage of several years, just because the Debtor

---

[4] State courts have concurrent jurisdiction to determine whether a debt should be excepted from discharge under § 523(a)(3)(B), and certainly whether the debt at issue is "of a kind specified in" § 523(a)(2), (a)(4), or (a)(6).  *See In re Steward*, 509 B.R. 123, 126-27 (Bankr. W.D. Mich. 2014). If the Nevada court hews to its earlier decision regarding the nature of the debt, resolution of this adversary proceeding in Plaintiffs' favor will likely follow, and at that time they may enforce their new state judgment against the Debtor and his property without fear of running afoul of the discharge.

[5] The Plaintiffs have also sued Rotate Black, Inc., Rotate Black, LLC, Dual Cooper, Does I through X, Able & Baker Corporations, and Black & White Business Entities.

was not as successful as he had hoped on appeal.  As a sophisticated business person with eminently competent bankruptcy counsel throughout this proceeding, the Debtor certainly could have tried the Plaintiff's claims against him in this court by filing a notice of removal promptly after he filed his petition,[6] or more simply by relying on the automatic stay and the 60 day deadline in Fed. R. Bankr. P. 4007(c) for filing a complaint under § 523(c).  Instead, without telling the Plaintiffs or the state court about his bankruptcy filing, he rolled the dice in Nevada, only to return to Michigan, disappointed and insisting that litigating here is more consistent with his fresh start.  Presumably he sought some advantage for himself or his related co-defendants by proceeding as he did, but his gamble did not pay off, and there is more than a hint of laches in his approach.[7]

Moreover, as Debtor's counsel himself pointed out during oral argument, regardless of the forum, the Debtor will be bound by the effects of the state court's entry of default.  The extent of this preclusion is a question naturally depending upon state law, in particular state procedural law.  The Nevada courts are in a far better position to determine the effect of the default than is this court.

More generally, the court has considered the usual factors under 28 U.S.C. § 1334(c), most of which point in favor of abstention.  *Moyer v. Carlyle (In re Stansberry)*, Slip Op. Adv. No. 11-80450, 2012 WL 243745 (Bankr. W.D. Mich. Jan. 25, 2012) (listing factors).  Under the circumstances, it is more than prudent to continue to defer to the Nevada state courts.

Finally, to the extent the court should consider competing equities, they clearly favor the Plaintiffs, at least with respect to the choice of forum.

---

[6] *See* 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027.

[7] In the several years that have elapsed since the Debtor filed his petition, memories of witnesses have likely faded and documents have likely scattered.  It is not a stretch to conclude that it will be more difficult for the Plaintiffs to prove their case after the passage of so much time.

To effectuate this deference to the Nevada state courts, the court will stay this adversary proceeding pending the outcome of the state court proceedings.  At the conclusion of the state court proceedings, the parties may return to this court, file a motion to terminate the stay prescribed in this order, and make their arguments regarding the preclusive effect, if any, of the state court's determination under 28 U.S.C. § 1738.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 42) is GRANTED as provided herein and the Federal Judgment is vacated pursuant to Fed. R. Civ. P. 60(b)(5).

IT IS FURTHER ORDERED that this adversary proceeding is stayed pending further order of the court.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Max J. Newman, Esq., David J. Williams, Esq., and the District Court for the State of Nevada, Third Judicial District at the following address:  Department 2, Third Judicial District Court, 911 Harvey Way, 2nd Floor, Yerington, Nevada 89447.

END OF ORDER

**IT IS SO ORDERED.**

**Dated February 20, 2015**



Scott W. Dales
United States Bankruptcy Judge